BRADLEY SCHRAGER, ESQ. (SBN 10217)
DANIEL BRAVO, ESQ. (SBN 13078)
A. JILL GUINGCANGCO, ESQ. (SBN 14717)
**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Telephone: (702) 341-5200 / Fax: (702) 341-5300
Email: bschrager@wrslawyers.com
Email: dbravo@wrslawyers.com
Email: ajg@wrslawyers.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JULIE GOODWIN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW JOHN, an individual; VALLEY INN MOTEL; MVJ CAR WASH & LAUNDROMAT; MV JOHN CORPORATION, a Nevada corporation; and Does 1-10, inclusive;<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT AND JURY DEMAND** |

Plaintiff, JULIE GOODWIN (hereinafter "Plaintiff"), through undersigned counsel, complains and alleges as follows:

**INTRODUCTION**

1. This lawsuit is brought by Plaintiff against Defendants, MATTHEW JOHN, VALLEY INN MOTEL, MVJ CAR WASH & LAUNDROMAT, and MV JOHN CORPORATION (hereinafter "Defendants"), to recover unpaid minimum wages, unpaid overtime wages, pre-judgment interest, and reasonable attorneys' fees and costs arising from Defendants' willful violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201, *et seq.*; Nev. Rev. Stat. (hereinafter "N.R.S.") §§ 608.016, 608.018, and 608.260; Article 15, Section 16 of the Nevada Constitution; and common law.

2. Plaintiff regularly works at least one hundred (100) hours per week and is only paid a flat salary of two-hundred dollars ($200.00) by Defendants per month, regardless of her hours worked.

3. Plaintiff is an hourly, non-exempt employee directly employed by Defendants.

4. Defendants fail to pay Plaintiff minimum wage in violation of federal and state law.

5. Plaintiff regularly works more than eight (8) hours during a workday and/or forty (40) hours during a workweek.

6. Defendants fail to pay Plaintiff premium overtime wages for hours worked in excess of eight (8) hours during a workday and/or forty (40) hours during a workweek in violation of federal and state law.

7. Plaintiff is further subjected to Defendants' policy and practice of failing to pay for all hours of work.

8. Accordingly, Plaintiff brings this action to recover all lawfully earned and due wages.

9. Plaintiff seeks a declaration that her rights were violated, an award of unpaid wages, liquidated damages, and an award of attorneys' fees and costs to make Plaintiff whole for damages she suffered, and to ensure that Plaintiff will not be subjected to Defendants' illegal conduct in the future.

## **PARTIES**

**A.     Plaintiff**

10. Plaintiff JULIE GOODWIN is a natural person who is and was a resident of the State of Nevada at all times relevant herein, is employed by Defendants, and works as an hourly, non-exempt employee in Mesquite, Nevada.

11. At all times relevant to this action, Plaintiff is an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and N.R.S. § 608.010.

**B.     Defendants**

12.     Plaintiff is informed and believes, and thereon alleges that at all times relevant to this action, Defendant MATTHEW JOHN is a natural person who is and was a resident of the State of Arizona, and Defendant MATTHEW JOHN owns and operates the following establishments: the "VALLEY INN MOTEL" located at 791 W. Mesquite Blvd., Mesquite, NV 89027; and the "MVJ CAR WASH & LAUNDROMAT" located at 799 W. Mesquite Blvd., Suite 1, Mesquite, NV 89027 (collectively, the "Establishments").

13.     Plaintiff is informed and believes, and thereon alleges that at all times relevant to this action, Defendant VALLEY INN MOTEL was and is conducting business in good standing in the State of Nevada. Upon information and belief, Defendant MATTHEW JOHN owns and operates the "VALLEY INN MOTEL" located at 791 W. Mesquite Blvd., Mesquite, NV 89027.

14.     Plaintiff is informed and believes, and thereon alleges that at all times relevant to this action, Defendant MVJ CAR WASH & LAUNDROMAT was and is conducting business in good standing in the State of Nevada. Upon information and belief, Defendant MATTHEW JOHN owns and operates the "MVJ CAR WASH & LAUNDROMAT" located at 799 W. Mesquite Blvd., Suite 1, Mesquite, NV 89027.

15.     Plaintiff is informed and believes, and thereon alleges that at all times relevant to this action, Defendant MV JOHN CORPORATION is a Nevada corporation with a registered office address of 263 Sage Way, Mesquite, NV 89027. Upon information and belief, Defendant MATTHEW JOHN is an officer of Defendant MV JOHN CORPORATION.

16.     At all times relevant to this action, Defendants are an "employer" within the meaning of 29 U.S.C. § 203(d) of the FLSA and N.R.S. § 608.011.

17.     Plaintiff sues fictitious Defendants Does 1 through 10, inclusive, as Plaintiff does not know their true names and/or capacities, and upon ascertainment, will amend the complaint with their true names and capacities. Plaintiff is informed and believes, and on that basis, alleges that each of said fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages were proximately caused by their

conduct mentioned herein, and each Defendant, including Does 1 through 10, was an agent, joint-venture, representative, alter ego, and/or employee of the other Defendant, and was acting both individually and in the course and scope of said relationship at the time of the events herein alleged, and all aided and abetted the wrongful acts of the others.

## JURISDICTION AND VENUE

18. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq*.

19. Additionally, this Court has jurisdiction pursuant to 29 U.S.C. § 216(b), which provides that a suit under the FLSA "may be maintained against any employer (including a public agency) … in any Federal or State court of competent jurisdiction."

20. Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the state law claims which are related to the federal claim in this action in that they form part of the same case or controversy.

21. This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privileges of conducting activities in the state of Nevada and established minimum contacts sufficient to confer jurisdiction over Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

22. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants employ Plaintiff in this district, and a substantial portion of the events that give rise to Plaintiff's claims occurred in this district.

## GENERAL ALLEGATIONS

23. Plaintiff incorporates herein by this reference all the paragraphs above in this complaint as though fully set forth herein.

24. Since March 20, 2017, Plaintiff works as the manager, housekeeper, front desk clerk, and maintenance personnel at the VALLEY INN MOTEL and MVJ CAR WASH &

LAUNDROMAT.

25.     Plaintiff regularly works at least one hundred (100) hours per week at VALLEY INN MOTEL and MVJ CAR WASH & LAUNDROMAT. Plaintiff's typical work hours are 7:00 a.m. to approximately 12:00 a.m. every day of the week with no time off.

26.     Plaintiff is paid a flat salary of two-hundred dollars ($200.00) per month by Defendants. However, out of that two-hundred dollars ($200.00), Plaintiff must purchase cleaning supplies for use in the Establishments and Plaintiff is not reimbursed for the purchases.

27.     Defendants pay Plaintiff by cash.

28.     Plaintiff's non-exempt duties include: taking and confirming motel reservations, receiving and checking-in motel guests, cleaning and maintaining the motel premises including all guest rooms and bathrooms, managing day-to-day motel and guest needs, cleaning and maintaining the car wash and laundromat premises, and managing day-to-day laundromat and customer needs.

29.     Defendants provide Plaintiff with housing in the form of a two-bedroom unit at the VALLEY INN MOTEL.

30.     Upon information and belief, Defendants do not maintain accurate records of the costs incurred in the furnishing of Plaintiff's two-bedroom unit at the VALLEY INN MOTEL.

31.     Defendants fail to pay Plaintiff minimum wage in violation of federal and state law.

32.     Plaintiff frequently works over eight (8) hours in a given workday and/or forty (40) hours in a given workweek, and is not paid premium overtime compensation for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

33.     Plaintiff regularly performs or has performed routine mental, manual, and/or physical work.

34.     At all times relevant to this action, Defendant MATTHEW JOHN makes all employment decisions directly affecting Plaintiff.

35.     At all times relevant to this action, Defendant MATTHEW JOHN supervises

Plaintiff and controls the terms and conditions of her employment.

36. At all times relevant to this action, Defendant MATTHEW JOHN sets Plaintiff's work schedule.

37. At all times relevant to this action, Defendant MATTHEW JOHN exercises the power to assign Plaintiff tasks and to direct the means of carrying out those tasks.

38. The FLSA requires Defendants to keep detailed records including, among other things, the compensation of each employee, the rate of pay for each employee, and the total hours worked each workday and each workweek. 29 C.F.R. § 516, *et seq*.

39. Additionally, N.R.S. § 608.115 requires that "[e]very employer shall establish and maintain records of wages for the benefit of his or her employees, showing for each pay period the following information for each employee … gross wage or salary other compensation of in the form of services or food, housing or clothing; deductions; net cash wage or salary; total hours employed in the pay period by noting the number of hours per day; and date of payment."

40. Defendants do not provide Plaintiff with paystubs or any type of records of Plaintiff's wages or hours worked each workday and each workweek.

## COMMON ENTERPRISE AND JOINT EMPLOYER ALLEGATIONS

41. Plaintiff incorporates herein by this reference all the paragraphs above in this complaint as though fully set forth herein.

42. Defendants MATTHEW JOHN, VALLEY INN MOTEL, MVJ CAR WASH & LAUNDROMAT, and MV JOHN CORPORATION are joint employers of Plaintiff.

43. Under the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

44. The definition of "employer" under the FLSA is not limited by the common law concept of "employer," and is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes. *Real v. Driscoll Strawberry Assocs.*, 603 F.2d 748, 754 (9th Cir. 1979).

45. Congress defined "employee" as "any individual employed by an employer," 29

U.S.C. § 203(e)(1), describing this language as "the broadest definition that has ever been included in any one act." *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3, 65 S.Ct. 295 (1945) (quoting 81 Cong. Rec. 7657 (1937) (statement of Sen. Hugo Black)); *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 300 n.21, 105 S.Ct. 1953 (1985) (same).

46. The determination of whether an employer-employee relationship exists does not depend on "isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730, 67 S.Ct. 1473, 1477 (1947). The touchstone is "economic reality." *Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28, 33, 81 S.Ct. 933, 936 (1961).

47. Two or more employers may jointly employ someone for purposes of the FLSA. *Falk v. Brennan*, 414 U.S. 190, 195, 94 S. Ct. 427, 431 (1973).

48. All joint employers are individually responsible for compliance with the FLSA. 29 C.F.R. § 791.2(a) (1981).

49. Regulations issued by the Department of Labor give the following examples of joint employment situations:

> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2(b) (footnotes omitted).

50. The ultimate question of whether a party is an "employer" is a legal issue. *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1469-70 (9th Cir. 1983). The ultimate determination must be based "upon the circumstances of the whole activity." *Id.* at 1470 (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 67 S.Ct. 1473, 1477 (1947)).

51. Upon information and belief, Defendants have an agreement in place to share and mutually benefit from the services rendered by Plaintiff.

52. All Defendants earn revenue and profits from the services performed by Plaintiff.

53. All Defendants provide supervision, management, control, and/or direction to the Plaintiff.

54. The entire business arrangement between Defendants hinges on the services performed by Plaintiff.

55. Defendants are collectively engaged in a common enterprise.

56. Defendant MATTHEW JOHN provides daily oversight and management at the Establishments.

57. Defendant MATTHEW JOHN does not utilize any program to process payroll to Plaintiff.

58. Plausibly, all Defendants' exercise of control, input, and responsibility over the training, structure, and conditions of employment for Plaintiff meets the test for joint employer. *See Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 967 (N.D. Cal. 2017) (finding multiple companies and individual defendants were joint employers of sales and marketing workers).

59. The fact that some Defendants may not have exercised each and every aspect of the test for employer under the law, and may have delegated some of the responsibilities to others, does not alter their status as employer; it merely makes them joint employers. *Bonnette, supra* at 1470.

60. Whether employers, or joint employers, each Defendant named herein is nevertheless liable for the wage violations pleaded in this complaint. *Falk, supra*; 29 C.F.R. § 791.2(a).

61. The above well-pleaded facts all support Plaintiff's standing to sue each and every Defendant named herein as a joint employer and seek damages for the alleged violations under a joint employment theory. *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 966 (N.D. Cal. 2017); *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 940 (N.D. Cal. 2016).

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## FAILURE TO PAY MINIMUM WAGES

62. Plaintiff incorporates herein by this reference all the paragraphs above in this complaint as though fully set forth herein.

63. At all relevant times herein, Plaintiff is entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

64. At all times relevant to this action, Defendants are employers under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

65. Defendants are engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

66. At all times relevant to this action, Plaintiff is an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

67. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employ" Plaintiff within the meaning of 29 U.S.C. § 203(g) of the FLSA.

68. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, an employee must be compensated at a rate of at least $7.25 per hour. This has been the case since July 24, 2009.

69. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff.

70. As alleged herein, Plaintiff is an employee of Defendants and is entitled to the FLSA minimum wage.

71. Defendants fail to pay Plaintiff the federally mandated minimum wage rate.

72. Defendants' violations of the FLSA are knowing and willful. Defendants know or could have easily known that Plaintiff is a non-exempt employee, and Defendants could have tracked the number of hours Plaintiff works for purposes of paying her minimum wages as required by the FLSA, but Defendants failed to do so.

73. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, Plaintiff is entitled to her unpaid minimum wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## FAILURE TO PAY OVERTIME

74. Plaintiff incorporates herein by this reference all the paragraphs above in this complaint as though fully set forth herein.

75. At all relevant times herein, Plaintiff is entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

76. At all times relevant to this action, Defendants are employers under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

77. Defendants are engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

78. At all times relevant to this action, Plaintiff is an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

79. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employ" Plaintiff within the meaning of 29 U.S.C. § 203(g) of the FLSA.

80. In workweeks where Plaintiff works forty (40) hours or more, Plaintiff is not paid at the federally mandated rate of 150% of Plaintiff's regularly hourly wage. 29 U.S.C. § 207.

81. Defendants' violations of the FLSA are knowing and willful. Defendants know or could have easily known that Plaintiff is a non-exempt employee, and Defendants could have tracked the number of hours Plaintiff works for purposes of paying her overtime wages, but failed to do so.

82. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, Plaintiff is entitled to her unpaid overtime wages, plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

# THIRD CLAIM FOR RELIEF

## VIOLATIONS OF N.R.S. §§ 608.016, 608.050 608.018, 608.019, 608.115, and 608.140

## FAILURE TO PAY WAGES, FAILURE TO PROVIDE REST BREAKS, FAILURE TO MAINTAIN RECORDS, AND FAILURE TO PAY OVERTIME UNDER NEVADA LAW

83. Plaintiff incorporates herein by this reference all the paragraphs above in this complaint as though fully set forth herein.

84. NRS § 608.140 provides that an employee has a private right of action for unpaid wages.

85. Plaintiff is entitled to her unpaid wages (minimum wage and overtime wage) pursuant to Nevada's wage and hour laws, N.R.S. §§ 608.016, 608.018, and 608.260.

86. At all times relevant to this action, Plaintiff is an "employee" of Defendants within the meaning of N.R.S. § 608.010.

87. At all times relevant to this action, Defendants are an "employer" within the meaning of N.R.S. § 608.011.

88. N.R.S. § 608.016 states that an "employer shall pay to the employee wages for each hour the employee works."

89. By failing to pay Plaintiff for each hour worked, Defendants violated and continue to violate N.R.S. § 608.016.

90. N.R.S. § 608.019 provides "[e]very employer shall authorize and permit all his or her employees to take rest periods, which, insofar as practicable shall be in the middle of each work period. The duration of the rest periods shall be based on the total hours worked daily at the rate of 10 minutes for each 4 hours or major fraction thereof."

91. Defendants violated and continue to violate N.R.S. § 608.019 by failing to provide Plaintiff with rest breaks.

92. N.R.S. § 608.018 states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per

week or eight (8) hours per day assuming the employee earns less than 1.5 times the Nevada minimum wages.

93. By failing to pay Plaintiff for overtime as proscribed by N.R.S. § 608.018 for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day, Defendants violated and continue to violate N.R.S. § 608.018.

94. Additionally, N.R.S. § 608.115 requires that "[e]very employer shall establish and maintain records of wages for the benefit of his or her employees, showing for each pay period the following information for each employee … gross wage or salary other compensation of in the form of services or food, housing or clothing; deductions; net cash wage or salary; total hours employed in the pay period by noting the number of hours per day; and date of payment."

95. Defendants fail to maintain records for Plaintiff as required by N.R.S. § 608.115.

96. Defendants violated and continue to violate Nevada law, including N.R.S. §§ 608.016, 608.018, and 608.260 by regularly and repeatedly failing to compensate Plaintiff for the time spent performing services for Defendants, as described in this complaint. As a result, Plaintiff has and will continue to suffer loss of income and other damages. Accordingly, Plaintiff is entitled to recover unpaid wages owed, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF THE NEVADA CONSTITUTION

## FAILURE TO PAY MINIMUM WAGES

97. Plaintiff re-alleges and incorporates herein by this reference all the paragraphs above in this complaint as though fully set forth herein.

98. The Minimum Wage Amendment sets forth that:

> Each employer shall pay a wage to each employee of not less than the hourly rates set forth in this section. The rate shall be five dollars and fifteen cents ($5.15) per hour worked, if the employer provides health benefits as described herein, or six dollars and fifteen cents ($6.15) per hour if the employer does not provide such benefits. Offering health benefits within the meaning of this section shall consist of making health insurance available to the employee for the employee and the employee's dependents at a

> total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer. These rates of wages shall be adjusted by the amount of increases in the federal minimum wage over $5.15 per hour, or, if greater, by the cumulative increase in the cost of living.

Nev. Const. art. 15, § 16(A).

99. Currently, as adjusted and annually announced by the Office of the Labor Commissioner, the upper-tier minimum wage is $8.25 per hour, and the lower-tier minimum wage is $7.25. *See* Press Release, State of Nevada Department of Business and Industry, *State of Nevada Minimum Wage 2019 Annual Bulletin* (April 1, 2019).

100. Defendants do not provide health benefits to Plaintiff, and thus are required to pay the upper-tier minimum wage of $8.25 per hour.

101. Defendants maintain an unlawful policy of not paying for all hours of work in violation of the Minimum Wage Amendment because the true average wage when unpaid work time is calculated falls below the minimum wage levels provided by the Minimum Wage Amendment.

102. Defendants violated and continue to violate the Nevada minimum wage requirement because in many weeks, Plaintiff's net amount received by Defendants in a pay period, divided over the number of hours for which Plaintiff is entitled to compensation, averaged to below the applicable Nevada minimum wage ($8.25 per hour).

103. Wherefore, Plaintiff demands payment by Defendants at the minimum wage rate for all hours worked during the relevant time period together with attorneys' fees, costs, and interest as provided by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter an Order:

A. Declaring the practices here complained of as unlawful under appropriate law;

B. Granting judgment to Plaintiff on her claims of unpaid wages as secured by law, as well as liquidated damages, interest, attorneys' fees and costs as applicable and appropriate, all in sums according to proof or law;

C.     Granting damages, including but not limited to punitive, exemplary, and/or special damages, against Defendants and in favor of Plaintiff; and

D.     Ordering such other relief as the Court may deem necessary and just.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

DATED this 18th day of September, 2019.

**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**

By:   */s/ Bradley Schrager, Esq.*
BRADLEY SCHRAGER, ESQ. (SBN 10217)
DANIEL BRAVO, ESQ. (SBN 13078)
A. JILL GUINGCANGCO, ESQ. (SBN 14717)
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Telephone: (702) 341-5200 / Fax: (702) 341-5300
Email: bschrager@wrslawyers.com
Email: dbravo@wrslawyers.com
Email: ajg@wrslawyers.com

*Attorneys for Plaintiff*