BRADLEY SCHRAGER, ESQ. (SBN 10217)
ROYI MOAS, ESQ. (SBN 10686)
DANIEL BRAVO, ESQ. (SBN 13078)
**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
3773 Howard Hughes Parkway, Suite 590 South
Las Vegas, Nevada 89169
Telephone: (702) 341-5200 / Fax: (702) 341-5300
Email: bschrager@wrslawyers.com
Email: rmoas@wrslawyers.com
Email: dbravo@wrslawyers.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JULIE GOODWIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATHEW JOHN, an individual; VALLEY INN MOTEL; MVJ CAR WASH & LAUNDROMAT; MV JOHN CORPORATION, a Nevada corporation; and DOES 1-10, inclusive;<br><br>Defendants. | Case No.: 2:19-cv-01642-APG-EJY<br><br>**PLAINTIFF'S MOTION FOR ORDER CHARGING JUDGMENT DEBTOR MATHEW JOHN'S STOCK IN MV JOHN CORPORATION, AND FURTHER CHARGING JUDGMENT DEBTOR'S INTEREST IN MVJ INVESTMENTS, LLC** |

Plaintiff/Judgment Creditor JULIE GOODWIN ("Judgment Creditor"), by and through her attorneys of record WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP, brings this motion for an order charging the stock of Defendant/Judgment Debtor MATHEW JOHN ("Judgment Debtor") in Defendant MV JOHN CORPORATION, a Nevada corporation, as well as charging Judgement Debtor's interest in MVJ Investments, LLC, a Nevada limited-liability company, with payment of the unsatisfied judgment against Judgment Debtor that was entered in this action.

This motion is based upon the following Memorandum of Points and Authorities, the exhibits thereto, the pleadings and papers on file herein, and any argument permitted by the Court at hearing on this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On August 31, 2022, this Court entered a judgment against Defendants MATHEW JOHN and MV JOHN CORPORATION, jointly and severally, as judgment debtors in the amount of $57,942.26 in favor of Judgment Creditor JULIE GOODWIN. *See* ECF No. 136. That same day, this Court entered a judgment against Defendants MATHEW JOHN and MV JOHN CORPORATION, jointly and severally, as judgment debtors for attorney fees in the amount of $201,072.50, cost in the amount of $6,620.28, and prejudgment interest in the amount of $11,041.60, totaling $218,734.38, in favor of Judgment Creditor JULIE GOODWIN. *See* ECF No. 137.

The deadline to file an appeal has passed, and the automatic stay of proceedings to enforce the judgment set pursuant to Rule 62 of the Federal Rules of Civil Procedure ("FRCP") has been lifted. As of the date of this motion, Judgment Debtor MATHEW JOHN has failed to satisfy the judgment. Judgment Debtor MATHEW JOHN has also failed to file any motion to stay Judgment Creditor's execution on the judgment.

Upon information and belief, and as indicated in records contained by the Nevada Secretary of State, Judgment Debtor MATHEW JOHN has an interest in Defendant MV JOHN CORPORATION[1] and in MVJ Investments, LLC[2]. Accordingly, Judgment Creditor JULIE GOODWIN requests an order charging the stock of Judgment Debtor MATHEW JOHN in Defendant MV JOHN CORPORATION, and further well charging Judgement Debtor's interest in MVJ Investments, LLC, with payment of the unsatisfied judgment against Judgment Debtor that was entered in this action.

/ / /

---

[1] *See* Exhibit 1, a true and correct copy Nevada Secretary of State's business information for MV JOHN CORPORATION.

[2] *See* Exhibit 2, a true and correct copy Nevada Secretary of State's business information for MVJ Investments, LLC.

## II. LEGAL ARGUMENT

This Court may enter a charging order against the stock held by Judgment Debtor MATHEW JOHN in Defendant MV JOHN CORPORATION pursuant to NRS 78.746. The statute provides:

> 1. On application to a court of competent jurisdiction by any judgment creditor of a stockholder, the court may charge the stockholder's stock with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the stockholder's stock.
> 2. Subject to the provisions of NRS 78.747, this section:
>    (a) Provides the exclusive remedy by which a judgment creditor of a stockholder or an assignee of a stockholder may satisfy a judgment out of the stock of the judgment debtor. No other remedy, including, without limitation, foreclosure on the stockholder's stock or a court order for directions, accounts and inquiries that the debtor or stockholder might have made, is available to the judgment creditor attempting to satisfy the judgment out of the judgment debtor's interest in the corporation, and no other remedy may be ordered by a court.
>    (b) Does not deprive any stockholder of the benefit of any exemption applicable to the stockholder's stock.
>    (c) Applies only to a corporation that:
>       (1) Has fewer than 100 stockholders of record at any time.
>       (2) Is not a publicly traded corporation or a subsidiary of a publicly traded corporation, either in whole or in part.
>       (3) Is not a professional corporation as defined in NRS 89.020.
>    (d) Does not apply to any liability of a stockholder that exists as the result of an action filed before July 1, 2007.
>    (e) Does not supersede any written agreement between a stockholder and a creditor if the written agreement does not conflict with the corporation's articles of incorporation, bylaws or any shareholder agreement to which the stockholder is a party.
> 3. As used in this section, "rights of an assignee" means the rights to receive the share of the distributions or dividends paid by the corporation to which the judgment debtor would otherwise be entitled. The term does not include the rights to participate in the management of the business or affairs of the corporation or to become a director of the corporation.

NRS 78.746. *See also Becker v. Becker*, 131 Nev. 857, 862, 362 P.3d 641, 644 (2015). Based on the foregoing, Judgment Creditor JULIE GOODWIN is entitled to an order charging the stock of Judgment Debtor MATHEW JOHN in Defendant MV JOHN CORPORATION with payment of the unsatisfied judgment.

In addition, the collection rights and remedies against an interest in a limited-liability company are governed by NRS 86.401. The statute provides:

> 1. On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the member's interest with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the member's interest.

     2. This section:
         (a) Provides the exclusive remedy by which a judgment creditor of a member or an assignee of a member may satisfy a judgment out of the member's interest of the judgment debtor, whether the limited-liability company has one member or more than one member. No other remedy, including, without limitation, foreclosure on the member's interest or a court order for directions, accounts and inquiries that the debtor or member might have made, is available to the judgment creditor attempting to satisfy the judgment out of the judgment debtor's interest in the limited-liability company, and no other remedy may be ordered by a court.
         (b) Does not deprive any member of the benefit of any exemption applicable to his or her interest.
         (c) Does not supersede any written agreement between a member and a creditor if the written agreement does not conflict with the limited-liability company's articles of organization or operating agreement.

NRS 86.401. The statute "recognizes the charging order as a remedy by which a judgment creditor of a member can seek satisfaction by petitioning a court to charge the member's interest with the amount of the judgment." *Weddell v. H2O, Inc.*, 128 Nev. 94, 103, 271 P.3d 743, 749 (2012). Based on the foregoing, Judgment Creditor JULIE GOODWIN is entitled to a charging order whereby distributions that are ordinarily paid to Judgment Debtor MATHEW JOHN by MVJ Investments, LLC, are paid to Judgment Creditor JULIE GOODWIN until such time as Judgment Creditor's judgment is satisfied.

### III. CONCLUSION

Respectfully, Judgment Creditor JULIE GOODWIN requests that the Court enter an order charging Judgment Debtor MATHEW JOHN'S stock in Defendant MV JOHN CORPORATION, and further charging Judgment Debtor's interest in MVJ Investments, LLC, with payment of the unsatisfied judgment until such time as the judgment is satisfied in full. Attached and labeled as **Exhibit 3** is a Proposed Order for the Court's consideration.

DATED this 17th day of October, 2022.

                        **WOLF, RIFKIN, SHAPIRO,**
                        **SCHULMAN & RABKIN, LLP**

                    By:   */s/ Royi Moas*
                        ROYI MOAS, ESQ. (SBN 10686)
                        3773 Howard Hughes Parkway, Suite 590 South
                        Las Vegas, Nevada 89169
                        Telephone: (702) 341-5200 / Fax: (702) 341-5300
                        Email: rmoas@wrslawyers.com

                        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2022, a true and correct copy of **PLAINTIFF'S MOTION FOR CHARGING ORDER** was served via the United States District Court's CM/ECF system.

By: */s/ Dannielle Fresquez*
Dannielle Fresquez, an employee of
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP