UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JULIE GOODWIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATHEW JOHN, an individual; VALLEY INN MOTEL; MVJ CAR WASH & LAUNDROMAT; MV JOHN CORPORATION, a Nevada corporation; and Does 1-10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-01642-APG-EJY<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motions for Orders Charging Judgment Debtor Mathew John's Stock in MV John Corporation, and Further Charging Judgment Debtor's Interest in MVJ Investments, LLC. ECF No. 148. No response to Plaintiff's Motion was filed.

Under United States District Court for the District of Nevada Local Rule 7-2(d), Mr. John and MV John Corporation's failure to respond to Plaintiff's Motions may be treated by the Court as their consent to the Court granting the Motions. This alone would allow the Court to grant the Motions for debtor exams requested.

Judgment was entered in this case on August 31, 2022. ECF No. 136. NRS 78.746 allows the Court to enter a charging order against stock held by a judgment debtor. The statute states, in pertinent part: "On application to a court of competent jurisdiction by any judgment creditor of a stockholder, the court may charge the stockholder's stock with payment of the unsatisfied amount of the judgment with interest." NRS 78.746(1). The statute further states that the provision of section 1 "[a]pplies only to a corporation that … has fewer than 100 stockholders of record at any time" and "is not publicly traded or a subsidiary of a publicly traded corporation …" *Id*. at 78.746(2)(c)(1), (2). The uncontested evidence in this case establishes that MV John Corporation is solely owned by Mathew John and is not publicly traded.

Plaintiff's collection rights also extend to remedies against MVJ Investments, LLC. NRS 86.401 states in pertinent part: "On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the member's interest with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the member's interest." NRS 86.401(1) (referencing a member of a limited liability company); *see also Weddell v. H2O, Inc.*, 271 P.3d 743, 749 (Nev. 2012). The Nevada Secretary of State, Business Search, reveals MVJ Investments, Inc. is a Nevada limited liability company and that Mr. John is a manager-member. SilverFlume Nevada's Business Portal to start/manage your business (nv.gov).[1]

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motions for Orders Charging Judgment Debtor Mathew John's Stock in MV John Corporation, and Further Charging Judgment Debtor's Interest in MVJ Investments, LLC (ECF No. 148) is GRANTED.

IT IS FURTHER ORDERED that Mathew John and MV John Corporation **must** appear for judgment debtor examinations on **December 2, 2022 at 10 a.m.** at the offices of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, 3733 Howard Hughes Parkway, Suite 590, Las Vegas, Nevada 89169.

IT IS FURTHER ORDERED that this charging order is effective against judgment debtor Mathew John's stock in Defendant MV John Corporation, and further charging Judgment Debtor Mathew John's interest in MVJ Investments, LLC, with payment of the unsatisfied judgment until such time as the judgment is satisfied in full.

IT IS FURTHER ORDERED that anyone served with this Order is hereby put on notice as to the following:  a.  Pursuant to NRS 78.746, Judgment Creditor Julie Goodwin c/o Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, as Judgment Creditor of Mathew John, has applied and hereby received order to charge the stock of Mathew John in Defendant MV John Corporation with payment of the unsatisfied judgment.  b.  Pursuant to NRS 86.401, Judgment Creditor Julie Goodwin c/o Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, as Judgment Creditor of Mathew John, has applied

---

[1] Under Rule 201, the court can take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies. *See Hansen Beverage Co. v. Innovation Ventures, LLC*, Case No. 08-cv-1166-IEG, 2009 WL 6597891, *1 (S.D. Cal. Dec. 23, 2009).

and hereby received order to charge Mathew John's interest in MVJ Investments, LLC, with payment of the unsatisfied judgment until such time as the judgment is satisfied in full.

IT IS FURTHER ORDERED that upon service of this Order to Defendant MV John Corporation and MVJ Investments, LLC, they are ordered to make distributions to Judgment Creditor Julie Goodwin c/o Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, that the entities would have made to Mathew John until the judgment is satisfied with interest.

Dated this 1st day of November, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE